NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 8 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KEN KACHUR, | No. 19-16251 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02899-JAD-CWH |
| v. | |
| NAV-LVH, LLC, DBA Westgate Las Vegas Resort & Casino, a Nevada Limited Liability Company, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted June 1, 2020**
Seattle, Washington

Before: GOULD, BEA, and MURGUIA, Circuit Judges.

Kenneth Kachur ("Kachur") appeals the district court's summary judgment

in favor of NAV-LVH, LLC ("Westgate") in his employment action under the

Americans with Disabilities Act ("ADA") and the Age Discrimination in

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Employment Act ("ADEA").  We review *de novo* a grant of summary judgment. *Summers v. A. Teichert & Son, Inc.*, 127 F.3d 1150, 1152 (9th Cir. 1997).  We have jurisdiction under 28 U.S.C. § 1291.  We reverse in part, affirm in part, and remand to the district court for further proceedings consistent with this memorandum.

1.     As to Kachur's ADA claim, the central issue is whether his request for an extension of his unpaid medical leave was a reasonable accommodation under the statute.  We have held that "[e]ven an *extended* medical leave, or an *extension of an existing leave period*, may be a reasonable accommodation if it does not pose an undue hardship on the employer."  *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1247 (9th Cir. 1999) (emphases added).  We have never recognized a per se rule that extended leave could never constitute a reasonable accommodation.  In fact, we have consistently held that "whether a proposed accommodation . . . is reasonable . . . requires a fact-specific, individualized inquiry."  *Id.*

To avoid summary judgment in favor of his employer, an employee need only show that an "'accommodation' seems reasonable on its face, *i.e.,* ordinarily or in the run of cases."  *U.S. Airways, Inc. v. Barnett*, 535 U.S. 391, 401 (2002). "Once the plaintiff has made this showing, the defendant/employer then must show special (typically case-specific) circumstances that demonstrate undue hardship in the particular circumstances."  *Id.* at 402.

Here, the record is clear that Kachur underwent knee surgery and that he

2

kept Westgate abreast of his recovery progress on a monthly basis after he exhausted his Family and Medical Leave Act leave.  At the time of his termination, Kachur had requested an additional four weeks of leave (on top of sixteen weeks previously granted).  The record also indicates that Kachur's "[e]stimate[d] treatment schedule" would involve "monthly appointments for 3-4 visits." Kachur's physician also provided deposition testimony regarding the indeterminacy of the healing process following knee surgery.

Critically, the ADA "does not require an employee to show that a leave of absence is *certain or even likely to be successful* to prove that it is a reasonable accommodation," and an employee only needs "to satisfy the minimal requirement that a leave of absence could plausibly have enabled [him] adequately to perform [his] job." *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1136 (9th Cir. 2001) (emphasis added).

Accordingly, the district court erred when it granted summary judgment to Westgate.  It concluded, as a matter of law, that Kachur's requested accommodation was unreasonable because he "was unable to give Westgate any indication [sic] how long the leave would be"—in other words, because he was unable to provide any assurance as to the end date of his leave.  As noted above, we have never recognized an accommodation that fails to provide a date certain for

returning to work as per se unreasonable. *See id.*; *Nunes*, 164 F.3d at 1247.[1]

Viewing the above evidence in the light most favorable to Kachur, there appears to be a genuine dispute of material fact regarding whether his request for an extension of his unpaid leave was a reasonable accommodation. *See Nunes*, 164 F.3d at 1247. The updates he provided to Westgate as to his recovery progress can be easily understood as estimates of his expected return to work. And a request of an additional four weeks of leave "seems reasonable on its face." *Barnett*, 535 U.S. at 401.

On remand, in view of the correct substantive law outlined above, the district court must determine whether there are genuine issues of material fact related to whether Kachur's request for an extension of his unpaid leave was a reasonable accommodation. The district court may also address in the first instance whether Kachur's additional leave request would have posed an "undue hardship" on Westgate. *See Humphrey*, 239 F.3d at 1136 n.14 ("[A]n employer need not make a[] [reasonable] accommodation . . . if it poses an undue hardship."); *see also* 42 U.S.C. § 12112(b)(5)(A) (defining, in part, discrimination

---

[1] The closest we have come to endorsing the district court's conclusion is a passing, tentative statement in *Dark v. Curry County*, 451 F.3d 1078 (9th Cir. 2006). There, we stated that "recovery time of unspecified duration *may not* be a reasonable accommodation (primarily where the employee *will not* be able to return to his former position and cannot state when and under what conditions he could return to work at all)." *Id.* at 1090 (emphases added). We did not declare that "recovery time of unspecified duration *is not* a reasonable accommodation."

against a qualified individual on the basis of a disability as "not making reasonable accommodations . . . unless [an employer] can demonstrate that the accommodation would impose an undue hardship on the operation of the business[.]").

2.    As to Kachur's ADEA claim, the district court rightly concluded that at the third step of the *McDonnell Douglas* framework, Kachur failed to raise a genuine factual question as to whether Westgate's proffered reason for the termination (i.e., failure to return from a leave of absence) was pretextual.  In support of this claim, Kachur presented to the district court two spreadsheets with statistics that purport to demonstrate that Westgate intentionally discriminated against Kachur because of his age.  One spreadsheet lists security officers hired by Westgate after October 2015 (when Kachur was terminated).  The second spreadsheet lists security officers terminated by Westgate after March 2015.

The statistics presented by Kachur are insufficient in themselves to create a triable issue of fact of intent to discriminate.  "To establish a prima facie case [(at step one of the *McDonnell Douglas* framework)] based solely on statistics, let alone raise a triable issue of fact regarding pretext [(at step three of the *McDonnell Douglas* framework)], the statistics 'must show *a stark pattern of discrimination unexplainable on grounds other than age.*'"  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1283 (9th Cir. 2000) (emphasis added) (quoting *Rose v. Wells Fargo*,

5

902 F.2d 1417, 1423 (9th Cir. 1990)).

The district court noted that Kachur's own deposition testimony acknowledged that some of the terminations were due to structural changes in Westgate's security department. This is confirmed by the second spreadsheet, which lists "Reorganization" as the termination reason for six of the eleven individuals to which Kachur points. The ages of these six individuals ranged from forty-three to sixty-eight years old and they held management positions. Accordingly, "[a] great proportion of job displacement occurred at the management level" because Westgate chose to reorganize the department. *Rose*, 902 F.2d at 1423. The "statistical disparity . . . is explained by the fact older persons tend to occupy these key management positions." *Id.*

The evidence Kachur presented does not show a "stark pattern of discrimination unexplainable on grounds other than age." *Coleman*, 232 F.3d at 1283 (quoting *Rose*, 902 F.2d at 1423). Even when looking at the statistics in the light most favorable to Kachur, no reasonable juror could conclude—on the basis of statistics that do not account for obvious factors such as the elimination of management positions during a reorganization—that Westgate intentionally discriminated against him because of his age. *Id.* at 1288.

Each party shall bear its own costs on appeal.

**REVERSED in part; AFFIRMED in part; and REMANDED.**